## Hulett v. Commonwealth, for Use, etc.

(Decided April 27, 1923.)

### Appeal from Mercer Circuit Court.

Criminal Law—Argument of Counsel for Prosecution Held Not Prejudicial.—In a prosecution for unlawfully selling intoxicating liquors, where the defense had produced a witness who had the same last name as the witness for the prosecution, and during a noon recess the sheriff brought in a moonshine still alleged to have been found on the premises of the defendant's witness, an argument by the counsel for the Commonwealth that the jury should not consider the happening outside of the courtroom, but if it was considered to be sure on which witness' farm the still was found, and further stating it was a physical impossibility for the jury not to be impressed by what they had seen, and that the Commonwealth accepted the first twelve men called, since any twelve men were good enough to try a bootlegger, did not amount to prejudicial error.

C. C. BAGBY and E. W. DRAFFEN for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General for appellee.

Opinon of the Court by Chief Justice Sampson—
Affirming.

Appellant, Nora Hulett, of Harrodsburg, was con-
victed in the police court of that city of the offense of
selling intoxicating liquors in December, 1922. She ap-
pealed to the circuit court where she was again tried and
found guilty and her punishment fixed at a fine of $300.00
and sixty days in jail. Feeling aggrieved at the judg-
ment entered upon the verdict, she appealed to this court.

She was charged with the offense of selling a half-
pint of whiskey to one Russell on the 4th of December,
1922. Russell lived in the country, while appellant lived
in Harrodsburg. He and his father-in-law and some
neighbors came into town on county court day and spent
their time on Jockey street. It was cold and rainy and
late in the afternoon they all loaded into a buggy and
started in the direction of the home of appellant. After
going a short ways the father-in-law left the buggy, but
Russell and his other companion, Johnson, went on to the
home of appellant, where they alighted from the buggy,
and Russell went into the house and Johnson on to the
porch. Russell remained in the house for several min-
utes. When he came out he had a bottle of whiskey and
he and Johnson entered the buggy and drove back to
Jockey street, picking up the father-in-law on their way.
The three began drinking the whiskey; it was all about
consumed when the police officers of the town observed
them and started to arrest them, when Russell, who had
the whiskey in his hands, threw the bottle from him and
ran. After apprehending him the officers came back and
found the bottle with a small amount of whiskey in it.
As the officers approached they heard the father-in-law
say to Russell or to Johnson in substance, "Don't drink
up all that liquor." At that time there was very little
in the bottle. All these facts were related by Russell and
Johnson and they were corroborated by the evidence of
the father-in-law so far as he knew the facts. The Com-
monwealth called the police officers and other citizens of
the town of Harrodsburg to prove and did prove that
appellant, Mrs. Hulett, had a bad reputation for dealing
in intoxicating liquors.

Appellant, Nora Hulett, testified that she did not sell
the witness Russell any whiskey or other intoxicants on
the occasion mentioned and called several witnesses to
prove that Russell was not at the house at the time he

claimed to have been there; that Mrs. Hulett was not at home at that time; and further that Russell was very drunk on that day and night that he testified he bought the liquor from appellant, and did not know what he was doing.

In her motion and grounds for a new trial Mrs. Hulett relied upon (1) the admission of incompetent evidence against her; (2) improper argument of counsel for the Commonwealth; (3) the court misinstructed the jury and refused to properly instruct the jury; (4) the verdict rendered is against the law and evidence; (5) the verdict of the jury is the result of passion and prejudice.

While the trial was going on and at the noon adjournment while the jurors were walking around, the sheriff drove into town with a moonshine still charged to have been found on the premises of one Williams who was a witness in appellant's case. There was also another witness named Williams who testified for the Commonwealth in this case. In the argument of the case counsel for the Commonwealth stated: "This case has taken some peculiar turns; the most peculiar one happened within the last few minutes; I want to say to you that what has happened outside of the courtroom is not a matter properly for your consideration, but if it is considered the important thing to be sure of is to be sure on which Williams' farm the still was found, whether Bev Williams or Phil Williams." Appellant objected to the argument, which objection was overruled, and the court admonished the jury not to consider evidence outside of the record. Appellant then moved to discharge the jury and this motion was overruled. There was no error in this. Counsel for Commonwealth, continuing his argument, said: "It is a physical imposibility for the jury not to be impressed by what they have seen." Objection by appellant; overruled. Continuing the counsel said to the jury: "When the jury was called around in this case the Commonwealth accepted the first twelve men; that in Mercer county any twelve men are good enough to try a bootlegger." Appellant objected; objection overruled. Appellant moved to discharge the jury, which motion the court overruled. Several other similar statements were made by counsel for the Commonwealth in his argument to the jury, none of which were important, as we understand it. Most of them were irrelevant, some of them violated the proprieties, but none of them amounted to prejudicial error.

The instructions of which appellant complains are the stereotyped form generally given by trial courts where the defendant is accused of selling liquor. They have been approved many times by this court.

There was some evidence offered by the Commonwealth which was not pertinent to the issue, and some that was incompetent. The appellant offered evidence that was irrelevant and incompetent. Some slight errors were made by the trial court in the admission of the testimony, but none of them went to the prejudice of the substantial rights of appellant. On the whole we think she had a fair trial.

Judgment affirmed.